UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABE DUHON,<br><br>              Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 17-1813 JC<br><br>MEMORANDUM OPINION |

### I. SUMMARY

On March 7, 2017, plaintiff Abe Duhon filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 10, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 29, 2013, plaintiff filed an application for Supplemental Security Income with an amended alleged onset date of June 29, 2013. (Administrative Record ("AR") 12, 30, 145). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a vocational expert, and a medical expert on December 7, 2015. (AR 27-42).

On January 15, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-22). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairment of psychotic disorder (AR 14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 14-15); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but was limited to simple, repetitive tasks (AR 15); (4) plaintiff had no past relevant work (AR 20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 20-21); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 16).

On January 24, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.   Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be

upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity. Id. (citation and quotation marks omitted). The claimant has the burden to establish that an ALJ's error was not harmless. See Molina, 674 F.3d at 1111 (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider medical opinions provided by plaintiff's treating physician. (Plaintiff's Motion and 2-5). The Court disagrees.

### A. Pertinent Facts

In a July 9, 2015 Medical Opinion Re: Ability to Do Work-Related Activities (Mental) form ("July 2015 Report"), Dr. Marina D'Souza, plaintiff's treating physician (i) stated that plaintiff was being treated for "paranoid, schizophrenia [with] auditory and visual hallucinations that affects his ability to sort and interpret incoming stimulus and respond appropriately to others," and that

4

plaintiff had an "altered sense of self affecting his ability to stabilize mood, motions, and behaviors[]"; and (ii) essentially opined that plaintiff was "unable to meet competitive standards" for all of the mental abilities and aptitudes needed to do unskilled work – that is, plaintiff could not "satisfactorily perform" any such mental activity "independently, appropriately, effectively and on a sustained basis in a regular work setting" – and that plaintiff's mental impairments and related treatment would cause plaintiff to be absent from work, on average "more than four days per month" or "[m]ore than three times a month" (collectively "July Opinions"). (AR 367-69).

A December 1, 2015 Evaluation Form for Mental Disorders narrative report ("December 2015 Evaluation") – which the ALJ erroneously said was "completed by social worker Aileen Malig, MSW," even though it was signed by Dr. D'Souza – essentially found most of the same extreme mental limitations for plaintiff as documented in the July 2015 Report (collectively "December Opinions"). (AR 439-42).

### B. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's,

but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ is required to consider multiple factors when evaluating medical opinions generally, as well as opinions from treating physicians that are not entitled to "controlling" weight, including (i) "[l]ength of the treatment relationship and the frequency of examination"; (ii) "[n]ature and extent of the treatment relationship"; (iii) "supportability" (*i.e.*, the amount of "relevant evidence" the medical source presents, and the quality/extent of the "explanation a source provides for an opinion"); (iv) "[c]onsistency . . . with the record as a whole"; (v) "[s]pecialization" (*i.e.*, "[whether an] opinion [provided by] a specialist about medical issues related to his or her area of specialty"); and (vi) "[o]ther factors . . . which tend to support or contradict the opinion" (*i.e.*, the extent to which a physician "is familiar with the other information in [a claimant's] case record," or the physician understands Social Security "disability programs and their evidentiary requirements"). 20 C.F.R. §§ 416.927(c)(2)-(6); Trevizo, 871 F.3d at 675 (citation omitted).

A treating physician's opinion is not necessarily conclusive as to either a claimant's functional condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician only by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician is contradicted by another doctor, an ALJ may reject the treating physician's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v.

Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).

**C. Analysis**

Here, the ALJ properly rejected the July Opinions because Dr. D'Souza's treatment records provided no basis for the extreme mental limitations the treating physician found for plaintiff. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Jonker v. Astrue, 725 F. Supp. 2d 902, 909 (C.D. Cal. 2010) ("[T]he ALJ can discredit a physician's opinion if it is conclusory, brief, and unsupported by medical evidence.") (citing Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)). For example, as the ALJ's detailed and extensive discussion of the medical evidence and the record as a whole suggests, Dr. D'Souza's treatment records for plaintiff document few, if any, mental limitations beyond those found by the ALJ, and reflect no objective findings that could plausibly support the significant mental limitations the treating physician found for plaintiff. (AR 18)(citing Exhibit 7F at 3-7, 9 [AR 373-77, 379]); see also AR 378 (December 5, 2014 progress record from Dr. D'Souza noting plaintiff had "good" response to medication with no reported side effects, plaintiff's "cognitive functions" were "normal," and his "mood improved" with no suicidal or homicidal ideation reported, no change in medication, and follow-up appointment in two months).

///

Plaintiff argues that the December Opinions support the significant mental limitations Dr. D'Souza identified in July Opinions. (Plaintiff's Motion at 4). Nonetheless, the ALJ determined that the December 2015 Evaluation was "not of great value[]" (AR 19), and plaintiff has not shown that any error in the ALJ's rejection of the December Opinions therein was at all consequential to the ALJ's ultimate nondisability determination. To the contrary, the ALJ properly rejected the opinions expressed in the December Evaluation for specific and legitimate reasons. For example, the ALJ's reasons for rejecting the December Evaluation were equally valid whether the December Opinions were provided by plaintiff's social worker (who was not an "acceptable medical source") or by his treating physician, Dr. D'Souza (who was). First, as the ALJ noted, the December 2015 Evaluation expressly stated that "[n]o standard tests were conducted on [plaintiff]," and thus, the findings expressed therein were not based on "actual clinical data." (AR 19, 440). Consistently, the ALJ's thorough discussion of the medical evidence again reflects that Dr. D'Souza's treatment records for plaintiff document no objective findings that could plausibly support the significant mental limitations described in the December Opinions. (AR 18, 373-79). See Thomas, 278 F.3d at 957; Jonker, 725 F. Supp. 2d at 909 (citation omitted). Moreover, at the hearing, plaintiff's attorney specifically noted that the December 2015 Evaluation had been provided by Dr. D'Souza, and the medical expert acknowledged as much, testifying with specific reference to the exhibit that opinions that plaintiff was "extremely paranoid, [and] lacking concentration" were "not consistent with [Dr. D'Souza's] clinical notes[]" for plaintiff. (AR 38-39). Second, as the ALJ noted, the December 2015 Evaluation was internally inconsistent. (AR 19, 439-41); see Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider.") (citations omitted). Third, the ALJ properly

discounted the December Opinions because they were primarily based on plaintiff's subjective complaints, which (as plaintiff does not dispute) the ALJ properly discredited. (AR 125-16, 19-20); see, e.g., Ghanim, 763 F.3d at 1162 (ALJ may discount medical opinion based "to a large extent" on a claimant's "self-reports" that the ALJ found "not credible") (internal quotation marks and citations omitted).

Finally, the ALJ properly rejected the July and December Opinions (collectively "Dr. D'Souza's Opinions") in favor of the conflicting opinions of the state agency examining psychiatrist, Dr. Gurmanjot Bhullar (who essentially determined that none of plaintiff's mental limitations would preclude work involving simple repetitive tasks) (AR 16-17, 20, 269-70), and the testifying medical expert (whose mental residual functional capacity assessment the ALJ mostly adopted) (AR 15, 36). The opinions of Dr. Bhullar were supported by the psychiatrist's independent examination of plaintiff (AR 266-68), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. D'Souza's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted). The medical expert's hearing testimony also constituted substantial evidence supporting the ALJ's decision since it was supported by and consistent with the other medical evidence in the record, including Dr. Bhullar's opinion and underlying independent examination. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it"). To the extent plaintiff contends that the medical opinion evidence actually supports Dr. D'Souza's Opinions (Plaintiff's Motion at 3-5), the Court will not second guess the ALJ's reasonable determination otherwise. See

Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

Accordingly, a remand or reversal is not warranted on the asserted basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 29, 2017

                                               /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE